**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ERIC C. BURGIE                                                                                            PLAINTIFF
ADC #120956

V.                                       NO: 5:11CV00141 BSM/HDY

MARVIN EVANS, JR. *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Eric C. Burgie, an inmate incarcerated at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a pro se complaint on June 1, 2011, alleging that he was the victim of excessive force used by prison guards. Defendants are ADC Deputy Director Marvin Evans, Jr., and Warden William Straughn, Maj. Maurice Williams, and Capt. Lawrence Baker, all of the Tucker Maximum Security Unit.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on March 20, 2012, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id.* at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1. The events at issue in this lawsuit occurred on May 10, 2010, at the Tucker Maximum Security Unit.

2. Between 4 p.m. and 4:40 p.m., Plaintiff attempted to remove the light bulb from his cell, and in so doing, caused a fire. When Plaintiff attempted to extinguish the fire with a blanket, the blanket caught fire as well. He threw the blanket and it lodged in the bars of his cell. The fire created enough smoke to create an emergency situation, and was affecting inmates in other cells as well as Plaintiff.

3. When guards arrived at the cell, Plaintiff was on the floor and unresponsive. Plaintiff awoke to guards telling him to get up and submit to restraints, and also realized that he had been sprayed with pepper spray. When he did not initially respond to orders to submit to restraints, Plaintiff was sprayed again. Plaintiff then backed to the bars to submit to restraints, but initially jerked away because the bars were hot. He believes the bars were hot because of the burning towel he had thrown on the bars. Plaintiff was then pulled back forcefully into the bars and the restraints were applied.

4. Once Plaintiff was restrained, guards discovered a seven inch shank (Defendants' exhibit #1). In a later disciplinary hearing, Plaintiff pled guilty to possession of the shank in the waistband of his underwear (Defendants' exhibit #5).

5. After Plaintiff was removed from the cell area, he was examined by a nurse, and taken to a shower to allow him an opportunity to rinse off the pepper spray. Although Plaintiff felt the water was too hot, there was no evidence that any Defendant intentionally raised the water temperature. Defendants exhibit #7 is a video documenting the scene from the time the restraints

were being applied, through a lengthy period of time that Plaintiff was in the shower, which shows that Plaintiff did at times get into the water.

6. To establish a constitutional violation for the use of excessive force, Plaintiff must demonstrate that the force was used maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Relevant factors include the need for force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *See Whitley v. Albers*, 475 U.S. 312, 321 (1986).

7. Although Plaintiff testified that he was unconscious when guards initially arrived, and that there was therefore no need to use pepper spray, that fact is not determinative. As set forth in *Hudson*, Plaintiff must demonstrate that the force used, in this case the spray, was used maliciously and sadistically to cause harm, and not in a good faith effort to maintain or restore order. As Plaintiff described the incident, guards were presented with an emergency situation, requiring immediate action. A blanket was on fire in Plaintiff's cell and the guards had no way of knowing whether it was an accidental fire or one started intentionally. Plaintiff was unresponsive to commands to submit to restraints, and there was no evidence offered to suggest that any guard believed Plaintiff was actually unconscious, as opposed to simply ignoring the orders. Furthermore, Defendants' exhibit #8 demonstrates that Plaintiff has a lengthy disciplinary history, including previous assaults. Clearly, the guards were presented with a dangerous situation. Although Plaintiff testified that it hurt his arm when he was pulled back into the bars, he admitted that he pulled away after initially seeming to submit to restraints. Once Plaintiff was restrained, no further force was used.[1] According to the medical reports taken after the incident (Defendants' exhibits #3 & #4), Plaintiff had no significant injury. There was no evidence introduced to suggest that the application

---

[1] Although the video does not begin until Plaintiff is in the process of being restrained, it is entirely inconsistent with the picture Plaintiff attempts to paint in his complaint.

4

of pepper spray, or pulling Plaintiff back into the bars, was anything other than a limited use of force in a good faith effort to gain Plaintiff's compliance in an emergency situation.

8. Because Plaintiff introduced no evidence to indicate that use of the pepper spray was anything other than a good faith effort to restore order in an emergency situation, he has failed to introduce sufficient evidence t create a fact issue to be submitted to a jury, and his complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   21   day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE